IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 3, 2025

**BETTY ANN WALLACE v. FIRST CASH INC.**

**Appeal from the Circuit Court for Hamilton County**
No. 24C0733        Mike Dumitru, Judge

**No. E2024-01096-COA-R3-CV**

The appellant filed a civil summons in the general sessions court, asserting that items she had pawned at one of the appellee's locations were returned to her damaged. After the appellant failed to appear at the initial hearing, the matter was dismissed. The appellant appealed the dismissal to the circuit court, which found that the appeal was not timely filed and dismissed the appeal. On appeal in this Court, we have determined that the appellant's brief is deficient under Tennessee Rule of Appellate Procedure 27 and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Betty Ann Wallace, Centerpoint, Alabama, pro se.

Derek Wayne Mullins, Chattanooga, Tennessee, and George T. Lewis, III, Memphis, Tennessee, for the appellee, First Cash Inc.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

This case began in October 2023, when Betty Ann Wallace filed a civil summons in the General Sessions Court for Hamilton County against "Cash America Pawn," alleging she had pawned a wall fireplace and a clock there and that these items had been returned to her damaged. Ms. Wallace later filed an alias summons listing First Cash, Inc. ("First Cash") as the defendant. After an unsuccessful attempt at service, First Cash eventually received proper service of process.

A hearing on the matter was scheduled for May 13, 2024. Ms. Wallace failed to appear on that date, and the court granted a motion to dismiss the matter. Ms. Wallace then filed a "motion to reconsider & continue," asserting that she did not appear because the clerk's office had told her the hearing would not occur on that date. The motion was set for a second date, and Ms. Wallace again failed to appear; the court denied and struck the motion. Ms. Wallace then filed a second motion to reconsider, asserting that she had undergone surgery and that this caused her to miss the hearing on her motion. After a hearing on the second motion, the court entered an order denying the motion, reasoning that it lacked jurisdiction to award any further relief.

On July 9, 2024, Ms. Wallace filed an appeal of the general sessions court's order in the Circuit Court for Hamilton County. First Cash filed a motion to dismiss the appeal, asserting that Ms. Wallace had failed to appeal the order timely as required by Tenn. Code Ann. § 27-5-108. The circuit court granted this motion, reasoning that under the statute, after the denial of the first motion to reconsider, Ms. Wallace had ten days to appeal the order to the circuit court, making her later appeal untimely. The court also concluded that, although Ms. Wallace had filed a second motion, this motion was improper and the denial of the first motion began the ten-day period in which she was required to file an appeal. Therefore, the court found it lacked subject matter jurisdiction and dismissed the appeal pursuant to Tenn. R. Civ. P. 12.02(1). Ms. Wallace appeals this dismissal.

ANALYSIS

At the outset, it is important to note that, as she did in the trial court, Ms. Wallace is pro se in this appeal. Litigants representing themselves on appeal are entitled to fair treatment by courts but may "not . . . shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Although self-represented litigants may receive some leeway in their filings, courts may not entirely excuse these litigants from complying with the substantive and procedural rules imposed on represented parties. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). We must ensure we are extending fairness to the pro se litigant while not being unfair to the litigant's adversary. *Id.*

One of the rules parties before this Court must comply with is Rule 27 of the Tennessee Rules of Appellate Procedure, [1] which lays out the requirements for the briefs

---

[1] Parties must also comply with Rule 6 of the Rules of the Court of Appeals of Tennessee, which prescribes the following requirements:

> (a) Written argument in regard to each issue on appeal shall contain:
> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

appellants must file before this state's appellate courts. *See* TENN. R. APP. P. 27(a). This rule sets out the following requirements, each to be listed "under appropriate headings":

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>    (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>    (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
> (8) A short conclusion, stating the precise relief sought.

*Id.* Ms. Wallace's brief is deficient in several ways. It lacks a table of contents or authorities, a statement of the issues presented for review, citations to the record or legal authorities, or a precise statement of the relief sought. Indeed, the brief is essentially a letter to this Court describing Ms. Wallace's circumstances and does not contain a discernable argument regarding how the circuit court erred. As our Supreme Court has explained,

---

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

to be properly raised on appeal, an issue must be presented in the manner prescribed by Rule 27 of the Tennessee Rules of Appellate Procedure. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). As this Court explained in *Hodge*, "[r]ather than searching for hidden questions, appellate courts prefer to know immediately what questions they are supposed to answer" and, consequently, "[a]ppellate review is generally limited to the issues that have been presented for review." *Id.*

*City of Memphis v. Edwards by & through Edwards*, --- S.W.3d ---, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *2 (Tenn. July 5, 2023).

Ms. Wallace's brief primarily requests this Court to extend "mercy" regarding payment for her damaged items. While we do not seek to make light of Ms. Wallace's concerns, her brief fails to make a legal argument for this Court to consider. We believe it would be unfair to First Cash for this Court to attempt to address the merits of her appeal because such an attempt would impermissibly shift the burden of creating her legal argument onto this Court. Ms. Wallace has failed to comply with Rule 27 of the Appellate Rules of Procedure and has waived her right to appeal. Therefore, the appeal is dismissed.[2]

CONCLUSION

The appeal is dismissed. Costs of this appeal are assessed against the appellant, Betty Ann Wallace, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

[2] Our Supreme Court has recently stated that this Court should exercise its discretion to dismiss an appeal for failure to comply with Tenn. R. App. P. 27 in the case of "egregious errors that prejudice the opposing party, force the court to act as a party's counsel, or otherwise significantly frustrate the court's ability to decide an appeal." *DiNovo v. Binkley*, --- S.W.3d ---, No. M2023-00345-SC-R11-CV, 2025 WL 560016, at *2 (Tenn. Feb. 20, 2025). We believe that the appellant's briefing in the present case falls into this category and warrants dismissal.